Steven M. Rogers (13854)
Nic R. Russell (15018)
**ROGERS & RUSSELL, PLLC**
519 West State Rd. Suite 103
Pleasant Grove, Utah 84062
Telephone:     801.899.6064
Facsimile:      801.210.5388
Email: srogers@roruss.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| STEPHANY BECK,<br><br>Plaintiff,<br><br>vs.<br><br>ECO FLOWER, LLC<br><br>Defendant. | **PROPOSED CLASS ACTION COMPLAINT**<br><br>Case No.<br><br>Hon. Judge: |

COMES NOW Plaintiff Stephany Beck, by and through her undersigned counsel, and hereby files this Class Action Complaint (hereinafter the "Complaint"), individually, and on behalf of all others similarly situated, and makes these allegations based on information and belief and/or which are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, against Defendant Eco Flower, LLC, as follows:

**OVERVIEW**

1. Plaintiff Stephany Beck ("Plaintiff") brings this class action on behalf of herself and all other individuals similarly situated, asserting that defendant Eco Flower, LLC ("Defendant") fraudulently induced her into paying for goods and services that were guaranteed

to be ready by specific dates while Defendant knew or had reason to know that such was impossible and failed to timely produce the goods or even produce the goods at all.

2.  Defendant is a limited liability company headquartered in Ogden, Utah. Defendant sold flowers made of recycled materials for use as decorations and gifts, as well as for various special occasions such as holidays and weddings.

3.  Defendant promised its customers that it would have orders ready by specific dates, which was particularly important given the time-sensitive nature of orders for weddings and other special occasions. However, Defendant repeatedly failed to meet those deadlines, leaving Plaintiff and class members scrambling to find last-minute, usually more expensive alternative sources for decorative flowers, including for their very important events.

4.  Defendant induced Plaintiff and others to make purchases using false and deceptive representations and advertisements. Many of Defendant's customers were damaged by having to incur high costs procuring alternative flowers at the last minute, and many never received refunds from Defendant for orders that went unfulfilled.

5.  Further, Defendant made advertising claims and representations it knew or should have known it could not fulfill, yet made these claims and representations for the purpose of inducing Plaintiff, and like-situated individuals, to pay money to Defendant.

6.  Defendant's advertisements, representations, and sales practices are in violation of the Utah Truth in Advertising Act and the Utah Consumer Sales Practices Act.

7.  Plaintiff files this action against Defendant for redress for Defendant's unlawful conduct as alleged in this Complaint. Plaintiff seeks to certify an appropriate class action under Rule 23 of the Federal Rules of Civil Procedure that will assert claims under Utah law.

## JURISDICTION AND VENUE

8. Jurisdiction over Plaintiff and Defendant is based on diversity under 28 U.S.C. § 1332(a) and (d).

9. Personal jurisdiction over Defendant is proper because Defendant is incorporated in and transacts business in the District of Utah.

10. Venue is proper before this Court pursuant to 28 U.S.C § 1391(b), as many of the actions giving rise to this complaint occurred in Weber County, Utah. Defendant is found in, headquartered in, and conducted its business within Weber County, Utah. Additionally, and upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

11. Plaintiff Stephany Beck is a citizen of the state of Washington and resides in Pierce County, Washington.

12. Plaintiff has been injured by Defendant's illegal advertising and consumer sales practices. Plaintiff's claims for relief alleged in this Complaint are typical of all class members.

13. Defendant Eco Flower, LLC is a Utah corporation with its principal place of business in Ogden, Weber County, Utah.

14. Defendant conducted its business throughout the United States. Upon information and belief, Defendant conducted its business from facilities in Ogden, Utah at all times relevant hereto.

## GENERAL ALLEGATIONS

15. Plaintiff ordered goods from Defendant on various occasions between approximately March 19, 2017 and February 16, 2018.

16. Upon information and belief, Defendant made representations in its advertisements to the general public, including on its website, that orders placed through Defendant's website would be manufactured and/or delivered with a specific period of time.

17. Plaintiff placed her first order with Defendant on March 19, 2017 (the "First Order"). Plaintiff was also charged for the First Order on March 19, 2017.

18. In the confirmation email for the First Order, Defendant stated that its current production time was 15 days. *See* Exhibit A, March 19, 2017 order confirmation.

19. The First Order was not produced within 15 days, and Defendant did not notify Plaintiff of the delay. Plaintiff contacted Defendant on April 13, 2017 about the delay, and Defendant stated that it had no estimate for when the order would be fulfilled. *See* Exhibit B, April 13, 2017 e-mail correspondence.

20. Plaintiff again contacted Defendant on May 7, 2017 because she still had not received the First Order nor received further communication from Defendant. Plaintiff requested Defendant cancel her order, and Defendant did so.

21. Plaintiff placed another order on July 4, 2017 (the "Second Order"), and, as with the First Order, Defendant reiterated in the order confirmation email that its current production time was 15 days. *See* Exhibit C, July 4, 2017 order confirmation. Plaintiff was charged for the Second Order on or about July 4, 2017.

22. The Second Order was not produced within 15 days, and Defendant did not contact Plaintiff to inform her of any delays.

23. Plaintiff contacted Defendant on October 4, 2017 regarding the Second Order not being fulfilled and Plaintiff's address changing. Defendant stated that it was backlogged and it had no estimate for when the Second Order would be shipped.

24. Defendant purportedly shipped the Second Order on or about February 6, 2018. The Second Order allegedly was delivered on or about February 8, 2018.

25. Plaintiff did not receive the Second Order on or about February 8, 2018. She contacted Defendant about not receiving the order, and after Plaintiff complained, Defendant agreed to reship the Second Order. *See* Exhibit D, confirmation for reshipment of July 4, 2017 order.

26. Plaintiff received the reshipped Second Order on or about February 10, 2018.

27. Plaintiff placed other orders with Defendant after the Second Order. These orders were placed on January 26, 2018; January 28, 2018; February 6, 2018; and February 16, 2018. *See* Exhibit E order confirmations. These orders were primarily for Plaintiff's wedding, and Plaintiff was charged for the orders on the same dates on which she placed the orders.

28. For Plaintiff's wedding orders, the confirmation emails again represented a production goal of 15 days.

29. Of the orders placed in 2018, Plaintiff received only the January 26, 2018 order. She never received the other orders, nor did she receive any communication from Defendant regarding delays on the unfulfilled orders. Additionally, Defendant never provided refunds to Plaintiff for those orders.

30. During the entire time period in which Plaintiff placed her orders with Defendant, Defendant often sent promotional emails to customers advertising various sales, such as sales for Christmas and Valentine's Day. *See* Exhibit F, holiday advertisements. These advertisements were being sent out even when Defendant knowingly could not fulfill its advertised and promised order production and delivery periods, as evidenced by its inability to timely fulfill Plaintiff's orders. For example, Defendant advertised "products that qualify for Valentine's

Delivery" merely eight calendar days before Valentine's Day, despite its complete inability to satisfy even normal-course orders within its stated fifteen-*business*-day production period. *See* Exhibit F.

31. Upon information and belief, Plaintiff is just one of thousands of individuals who Defendant induced to order products through its advertisements and representations, placed one or more orders with Defendant, and never received the orders or a refund of monies paid.

## CLASS ACTION ALLEGATIONS

32. Plaintiff proposes a Class consisting of all of Defendant's customers in the United States who suffered an injury as a result of Defendant's deceptive and misleading business practices within the applicable limitations period.

33. Specifically, Plaintiff's proposed class includes all persons (including individuals and entities, incorporated and otherwise) who (a) received on one or more of Defendant's representations or advertisements, (b) placed an order with Defendant, and (c) did not receive the order in the time advertised or represented by Defendant (or, if no specific time period was represented, the period implied as a matter of Utah law).

34. Pursuant to Fed. R. Civ. P. 23(a) a class may be certified based on numerosity, commonality, typicality, and adequacy.

35. **Numerosity**: the class is so numerous that joinder of all members is impracticable. Although Plaintiff does not presently know the exact size of the class, she believes that thousands of persons have been similarly injured by Defendant's sales and advertising practices.

36. **Commonality**: There are questions of law and fact common to the class regarding liability and relief. These questions include but are not limited to:

      a. Whether Defendant violated the Utah Consumer Sales Practices Act; and

      b. Whether Defendant violated the Utah Truth in Advertising Act.

37. **Typicality**: the claims or defenses of the representative party are typical of the claims or defenses of the class. Plaintiff is a member of the class alleged above, and she has an origin and basis in common with other members of the class. Her claims originate from the same unlawful practices by Defendant. If the claims of each class member were brought individually, they would require proof of the same facts, rely upon the same theories, and seek the same relief as Plaintiff.

38. **Adequacy**: the representative party will fairly and adequately protect the interests of the class because she and her counsel possess the necessary resources and experience to maintain this case as a class action. There is no conflict between Plaintiff's interests and those of the members of the Class she represents.

## CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
VIOLATION OF THE UTAH CONSUMER SALES PRACTICES ACT ("UCSPA")
Utah Code Ann. § 13-11

39. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40. Defendant's above-described conduct constitutes a violation of the UCSPA.

41. The UCSPA exists "to protect consumers from suppliers who commit deceptive and unconscionable sales practices" and "to encourage the development of fair consumer sales practices." Utah Code Ann. § 13-11-2(2)-(3).

42. The sales agreements entered into by plaintiff and defendant constitute "consumer transactions" according to the definition provided in Utah Code Ann. § 13-11-3(2), as the parties

entered into an agreement for the sale of goods. Thus, the UCSPA applies to the transactions between Plaintiff and Defendant.

43. Section 13-11-19(4)(a) states that "[a] consumer who suffers loss as a result of a violation of this chapter may bring a class action for the actual damages caused by an act or practice specified as violating this chapter by a rule adopted by the enforcing authority . . . or declared to violate Section 13-11-4 or 13-11-5 by a final judgment . . . ."

44. Defendant knowingly and/or intentionally represented to Plaintiff that it would fulfill the orders placed by Plaintiff and the class within a specified amount of time while Defendant knew or had reason to know that meeting such time requirements was not practicable.

45. Through its conduct in promising delivery by specific dates and failing to fulfill those promises, Defendant violated the following section of the Utah Administrative Code, which are the "rule[s] adopted by the enforcing authority," as described in the UCSPA.

 a. The failure of a supplier to have available . . . a sufficient quantity of the advertised consumer commodities at the advertised price to meet reasonably anticipate demands . . ." Utah Admin. Code R152-11-3(B)(2)(c).

46. Defendant violated the following sections of the UCSPA:

 a. "After receipt of payment for goods and services, fails to ship the goods or furnish the services within the time advertised . . . or, if no specific time is advertised or represented, fails to ship the goods or furnish the services within 30 days" unless the supplier gives the buyer the option to cancel the agreement and receive a refund or the option to extend the shipping date. Utah Code Ann. 13-11-4(2)(l).

47. Upon information and belief, Defendant failed to meet its production and delivery obligations (both those it advertised and represented, and those implied as a matter of Utah law)

and subsequently failed to discuss with its customers their options to either extend their delivery dates or receive refunds.

48. Pursuant to Utah Code § 13-11-19(4)(a), because Plaintiff and the class have suffered financial losses as a result of Defendant's violations of the UCSPA, Plaintiff and the class are entitled to actual damages.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE UTAH TRUTH IN ADVERTISING ACT ("UTAA")
Utah Code Ann. § 13-11a

49. Plaintiff realleges and incorporates the foregoing allegations as though fully set forth herein.

50. Defendant's above-described conduct constitutes a violation of the UTAA.

51. The UTAA exists "to prevent deceptive, misleading, and false advertising practices and forms in Utah." Utah Code Ann. § 13-11a-1.

52. According to Utah Code Ann. § 13-11a-3(1), deceptive trade practices occur when, in the course of a person's business, vocation, or occupation that person, among other things:

(i) advertises goods or services or the price of goods and services with intent not to sell them as advertised;

(j) advertises goods or services with intent not to supply a reasonable expectable public demand, unless:

(i) the advertisement clearly and conspicuously discloses a limitation of quantity; or

(ii) the person issues rainchecks for the advertised goods or services;

(t) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

53. Defendant's practice of continuing to advertise its products and promising that products would be ready in a specific timeframe, all while Defendant knew or had reason to know that such promises were unattainable, is a deceptive trade practice and is a violation of the UTAA. Defendant's conduct is particularly egregious given that it routinely accepted orders for special occasions such as holidays and weddings, knowing (or having reason to know) all along that it could not and would not meet those deadlines.

54. Pursuant to Utah Code § 13-11a-4(2)(a), because Plaintiff and class members were injured by the actions of Defendant in violation of the UTAA, the Court may enjoin Defendant from further unlawful conduct. Additionally, Plaintiff and each member of the class are entitled to recover the amount of actual damages sustained or $2,000, whichever is greater. Utah Code. Ann. § 13-11a-4(2)(b). Plaintiff and the class are also entitled to recover their fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for JUDGMENT against Defendants as follows:

I. For a determination that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

II. For a declaration that Defendant violated the Utah Consumer Sales Practices Act and the Utah Truth in Advertising Act;

III. For an injunction, pursuant to the UCSPA, prohibiting Defendant from engaging in further acts and practices of the type described herein;

IV. For damages and restitution to Plaintiff and class members for the losses incurred due to Defendant's violations of the UCSPA and the UTAA;

V. For an award of attorney's fees and costs under applicable law; and

VI. For such other relief as the Court deems just and equitable.

Dated 15 July 2019.

Rogers & Russell, PLLC

/s/ Steven M. Rogers
Steven M. Rogers
*Attorney for Plaintiff*
